IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. RODRIGUES,<br><br>    Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, NA; BANK OF AMERICA PENSION PLAN and DOES 1-50,<br><br>    Defendants.<br>_____/ | No. C 16-1390 CW<br><br>ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE<br><br>(Docket No. 8) |

Defendants Bank of America, NA (BOFA) and Bank of America Pension Plan (Plan) filed this motion to dismiss Plaintiff Michael L. Rodrigues's Complaint and to strike his request for a jury trial.  The Court vacates the hearing and GRANTS this motion.

BACKGROUND

I.   Rodrigues's Allegations

Rodrigues worked at BOFA from July 5, 1982 to June 30, 1988. Under the terms of his employment, Defendants "provided" Rodrigues with a pension plan, which granted him retirement benefits, including shares of BOFA stock.  Complaint ¶ 9.  He is a "beneficiary" of the Plan.  Id. ¶ 7.

On November 9, 2015, Rodrigues requested the following documents from Defendants: a summary plan description, all financial information showing the balance of Rodrigues's interest in the Plan, and Rodrigues's vested and unvested balances in the Plan, both in number of shares and dollar value.  Id. ¶ 10.  No one provided the requested information or documents relating to

the Plan. Id. ¶ 11. Instead, "representatives at BOFA" told Rodrigues that they "can't locate any record of your employment with the bank." Id.

Rodrigues filed this Complaint on March 22, 2016. It contains three causes of action, all under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq.: denial of benefits, breach of fiduciary duty and failure to provide requested documents. He seeks payment of his vested interests, the documents he requested, statutory damages, restitution, a "declaration of Plaintiff's and Defendants' respective rights and duties" and attorneys' fees. Complaint at 6-7.

## II. The Plan

The Bank of America Pension Plan for Legacy Bank of America is the Bank of America Corporation's pension plan.[1] RJN Ex. A, Plan at 7. The Bank of America Corporation Corporate Benefits Committee is the Plan Administrator. RJN Ex. B, Summary at 69, 71.

---

[1] Under the "incorporation by reference" doctrine, the Court may consider documents of undisputed authenticity on which a plaintiff's claim depends. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (holding that the district court properly considered undisputed documents attached to a motion to dismiss that described terms of a group health insurance plan where plaintiff alleged membership in the plan)). Rodrigues does not dispute the authenticity of the documents attached to Defendants' Request for Judicial Notice (RJN), Docket No. 8-1. The Court GRANTS the request as to Exhibits A and B, following Knievel, and as to Exhibit C as a matter of public record, see MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

2

The Plan contains a procedure that claimants must follow before filing suit in any other forum. Plan at 82-84; Summary at 23-24. Under this procedure, a claimant must file a written claim for benefits. Plan at 82. After the Committee renders a decision, a claimant has a right to appeal. Id. From there, a claimant has one year following a final decision to file a civil suit. Id. at 84.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990). In determining whether amendment

would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

I.  Denial of Benefits

Rodrigues first alleges a claim for denial of benefits.  A claimant must avail himself of a plan's own internal review procedures before bringing suit in federal court.  Diaz v. United Agric. Emp. Welfare Benefit Plan & Trust, 50 F.3d 1478, 1483 (9th Cir. 1995).

Rodrigues does not argue that he followed the Plan's review procedures.  Rather, he argues that he "would have followed the claimed administrative procedures had BOFA responded to his requests and provided him with the procedures he was required to follow."  Docket No. 19, Opp. Br. at 3.  Plan participants have a duty to inform themselves of the details of their plan.  Jordan v. Fed. Express Corp., 116 F.3d 1005, 1016 (3d Cir. 1997); Emerson v. Bank of Am., N.A., 2011 WL 3844105, at *3 (N.D. Cal.). Rodrigues's lack of knowledge about the Plan's review procedures does not negate the exhaustion requirement.

Additionally, BOFA, Rodrigues's former employer, is not the proper defendant for Rodrigues' claim for benefits.  See Madden v. ITT Long Term Disability Plan for Salaried Emps., 914 F.2d 1279, 1287 (9th Cir. 1990) (explaining that ERISA permits suits to recover benefits only against the plan and dismissing claim against plaintiff's employer).

4

Rodrigues appears to believe that he can exhaust his administrative remedies by July 19, 2016.  Given the Plan's procedure, Rodrigues cannot exhaust this quickly.  For this reason, the Court will give Rodrigues 180 days to amend his Complaint.

The Court dismisses this claim against BOFA, without leave to amend, because amendment against BOFA would be futile.  Because Rodrigues has not exhausted his administrative remedies, the Court GRANTS Defendants' motion to dismiss this claim against the Plan, with leave to amend.

II.  Breach of Fiduciary Duties

Defendants argue that the allegations supporting this claim are deficient for several reasons: Defendants are not Rodrigues's fiduciaries; Defendants' alleged actions cannot support a breach of fiduciary duty claim; and Rodrigues could not obtain the relief he seeks in this claim under any of ERISA's relief provisions.

A. Fiduciaries

"ERISA permits suits for breach of fiduciary duty only against persons who act as a fiduciary with respect to a plan . . . covered by ERISA."  Acosta v. Pac. Enters., 950 F.2d 611, 617 (9th Cir. 1992) (as amended).  An ERISA fiduciary "includes anyone who exercises discretionary authority over the plan's management, anyone who exercises authority over the management of its assets, and anyone having discretionary authority or responsibility in the plan's administration."  Mertens v. Hewitt Assocs., 948 F.2d 607, 610 (9th Cir. 1991) (citing 29 U.S.C. § 1002(21)(A)).  A person's "actions, not the official designation

5

of his role, determine whether he enjoys fiduciary status." Acosta, 950 F.2d at 618.

The Plan cannot be liable for breach of fiduciary duty here. See id. ("A plan covered by ERISA cannot, as an entity, act as a fiduciary with respect to its own assets.  Therefore, a plan itself cannot be sued for breach of fiduciary duty.").

Nor are Rodrigues's allegations sufficient to hold BOFA liable.  Its "status as employer does not automatically make it liable as an ERISA fiduciary." Lea v. Republic Airlines, Inc., 903 F.2d 624, 631 (9th Cir. 1990).  The Complaint alleges no interaction between BOFA and the Plan that would warrant labeling BOFA a fiduciary of the Plan.  See Mertens, 948 F.2d at 610.

B. Alleged Breaches of Fiduciary Duty

The Complaint alleges that Defendants breached their fiduciary duties in two ways: failing to provide Rodrigues with information and withholding his vested interest in the Plan. ERISA's fiduciary duty provisions are "primarily concerned with protecting the integrity of the plan, which in turn protects all beneficiaries, rather than remedying each wrong suffered by individual beneficiaries." Parker v. BankAmerica Corp., 50 F.3d 757, 768 (9th Cir. 1995) (citation omitted).  Rodrigues's alleged breaches cannot serve as bases for a breach of fiduciary duty claim because any recovery would not benefit the plan as a whole. See id. ("Although individual beneficiaries may bring a breach of fiduciary duty claim against an ERISA plan administrator, they must do so for the benefit of the plan.").

//

//

6

C. Relief for Breach of Fiduciary Duty Claim

Rodrigues alleges that he is entitled to relief under 29 U.S.C. § 1132(a)(1)(B) and (a)(3) for his breach of fiduciary duty claim. Section 1132(a)(1)(B) permits a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section 1132(a)(3) permits a participant or beneficiary to bring a civil action for injunctive or equitable relief. These sections do not relate to claims for breach of fiduciary duty to the Plan. Section 1109(a), which establishes liability for breach of fiduciary duty, permits relief only for a plan itself and not for beneficiaries of the plan. Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 139-44 (1985) ("the entire text of § [1109] persuades us that Congress did not intend that section to authorize any relief except for the plan itself").

The Court GRANTS Defendants' motion to dismiss this claim against BOFA, with leave to amend to allege, if true, that BOFA is a fiduciary of the Plan and to seek a remedy that would benefit the Plan as a whole. The Court also dismisses this claim against the Plan, without leave to amend, because amendment would be futile--the Plan cannot be sued for breach of fiduciary duty to itself.

III. Failure to Provide Plan Documents under 29 U.S.C. §§ 1024(b)(4) and 1132(c)(1)

Title 29 U.S.C. § 1132(c)(1) provides that any "administrator" who fails or refuses to comply with a request for information "which such administrator is required by this

7

subchapter to furnish to a participant or beneficiary" is personally liable for up to one hundred dollars per day.  Section 1024(b)(4) requires an administrator to furnish a copy of the "latest updated summary" and "the latest annual report," among other documents, upon written request of any participant or beneficiary.

As explained above, neither Defendant is the Plan's administrator; the administrator is the Committee.  Moreover, the Complaint fails to allege that Rodrigues submitted any written request to the Plan's administrator.  Additionally, it is not clear from the Complaint or the briefing that an administrator would be required to give to Rodrigues each document he requested aside from the summary plan document.

For these reasons, the Court GRANTS Defendants' motion to dismiss this claim against both BOFA and Bank of America Pension Plan, without leave to amend, because amendment would be futile.  Leave to amend is granted to bring this claim against the Plan Administrator, if the facts support such a claim.

IV.  Jury Trial

Defendants argue that Plaintiff is not entitled to a jury trial under ERISA.  Under Ninth Circuit law, the "remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded for claims made by participants or beneficiaries."  Thomas v. Or. Fruit Prods. Co., 228 F.3d 991, 997 (9th Cir. 2000).

Rodrigues argues that he is entitled to a jury trial for his breach of fiduciary duty claim, citing Hellman v. Cataldo, 2013 WL

8

4482889 (E.D. Mo.), and <u>Minnesota Power & Affiliated Cos. Retirement Plan A v. Capital Guardian Trust Co.</u>, 2008 WL 2891057 (D. Minn.).  Unlike those courts, however, this Court is bound by the Ninth Circuit, which holds that jury trials are not required for ERISA claims.  Further, in <u>Minnesota Power</u>, the plaintiffs were "Plans, their administrators, and the trustee," who "filed suit against a co-fiduciary for damages caused by breach of fiduciary duty."  <u>Id.</u> at *5.  The court distinguished that suit, which was legal in nature and therefore gave rise to a jury trial right, from suits in which claimants seek benefits, that is, equitable claims.  This analysis undermines Rodrigues's argument.

The Court GRANTS Defendants' motion to strike Rodrigues's demand for a jury trial.

## CONCLUSION

The Court GRANTS Defendants' motion to dismiss all three claims and GRANTS their motion to strike the request for a jury trial.  It dismisses, without leave to amend, the denial of benefits claim against BOFA, the breach of fiduciary claim against the Plan and the plan documents claim against both Defendants.  The Court grants leave to amend the claim for benefits against the Plan, after exhaustion, and the breach of fiduciary duty claim against BOFA, and to allege the documents claim against the Plan Administrator, if Rodrigues makes a request for documents from the Plan Administrator and it is denied.

Rodrigues may file an amended complaint within 180 days of the date of this order.  Defendants must file a responsive pleading or a motion to dismiss within fourteen days of the date an amended complaint is filed.  If Defendants file a motion to

dismiss, Rodrigues will have fourteen days from the date the motion is filed to respond. If Rodrigues files a response, Defendants will have seven days to file a reply. The Case Management Conference set for July 19, 2016 is vacated, to be reset if needed.

IT IS SO ORDERED.

Dated: July 1, 2016

CLAUDIA WILKEN
United States District Judge